## JAMES BRIDGE vs. HENRY R. PIERSON.

The defendant, being the owner of a farm, conveyed the same, with a covenant for quiet enjoyment, to the plaintiff. The deed contained this clause: "Reserving, always, a right of way as now used, on the west side of the above described premises for cattle and carriage from the public highway to the piece of land now owned by S. B. R., lying north of and adjoining the premises herein conveyed." Subsequently, the defendant executed to the plaintiff a deed quitclaiming all his right, title, &c., in and to the premises contained in the first deed, together with other land. This deed did not contain any reservation of the right of way, nor any exception of any part of the land. R., the adjoining owner on the north, claimed a right of way, by prescription, over the premises conveyed by the first deed, at the place mentioned in the reservation. The plaintiff, claiming that the right of way, reserved in the first deed, was released by the quitclaim deed, obstructed the way, so as to prevent R. from passing along the same; and for such obstruction R. recovered a judgment against him. The plaintiff, claiming that such recovery was a breach of the covenant for quiet enjoyment, contained in the first deed, brought an action to recover damages therefor.

*Held* 1. That the facts of the case, and the language of the deed relating to the right of way, gave the plaintiff notice of the existence of a right of way in R., or some person other than the grantor.

2. That it was the intention of the parties to except such right of way from the operation of the covenant; and it being the duty of the court to so construe the deed and covenant as to give effect to such intention, the clause of the deed relating to the way, should be considered as an *exception,* and not as a *reservation.*

3. That thus construing the clause, the way was not a breach of the defendant's covenant, and the plaintiff was not entitled to recover.

An exception to a ruling of the court, ordering a nonsuit, does not entitle the plaintiff to take advantage of the error, if any, of omitting to submit any particular question of fact to the jury.

APPEAL by the plaintiff from a judgment of nonsuit.

*By the Court,* MULLIN, P. J. In April, 1849, the defendant owned a farm in the town of Arcadia in the county of Niagara, containing 54$\frac{55}{100}$ acres, and on the 3d day of that month he and his wife conveyed the same, with covenant for quiet possession, to the plaintiff. In the deed there was the following clause: "reserving always a right of way as now used on the west side of the above

described premises for cattle and carriage from the public highway to the piece of land now owned by Samuel B. Reeves, lying north of and adjoining the premises herein conveyed."

On the 8th of August, 1851, the defendant executed and delivered to the plaintiff a deed quitclaiming to him all his right, title, &c., in and to the premises contained in the above mentioned deed, together with a small strip of land in addition, lying along the creek mentioned in the description of said farm. This deed did not contain any reservation of the right of way, nor any exception of any part of the land.

Samuel B. Reeves, who owned the land north of and adjoining the premises conveyed by the defendant to the plaintiff, claimed a right of way by prescription over the premises conveyed by the defendant to the plaintiff, at the place mentioned and described in the reservation in the deed. The plaintiff claimed that the right of way so reserved as aforesaid was released by the quitclaim deed from the defendant to him, and he obstructed the way so as to prevent Reeves passing over and along the same.

In the fall of 1860, Reeves brought an action in this court against the plaintiff, for obstructing said way. The plaintiff thereupon notified the defendant of the bringing of said action, and called upon him to assume the defence of the same. The plaintiff claiming that the right of way, if established, was a breach of the covenant in the defendant's deed. The defendant refused to assume the defence. The plaintiff appeared and defended the action, and such proceedings were had therein that a judgment was rendered in favor of Reeves and against the plaintiff for damages for obstructing said way, together with costs of the action. On that trial Reeves established a right of way over the plaintiff's premises by user for more than twenty years.

In March, 1867, this action was commenced by the

Bridge *v.* Pierson.

plaintiff to recover, as damages, for the breach of defendant's covenant for quiet possession, contained in the deed from the defendant to him bearing date in April, 1849, the costs and expenses incurred in the defence of the action brought by Reeves for obstructing said way.

The defendant put in an answer, and the issues were referred for trial to a referee, who ordered judgment in favor of the plaintiff. This judgment was affirmed by the General Term of the 7th District, but on an appeal to the Court of Appeals, the judgment of the General Term was reversed and a new trial ordered, costs to abide the event.

The General Term held that the clause in the deed of the defendant to the plaintiff was a reservation of the right of way, and as such could only enure to the defendant; that such right was released by the defendant's quitclaim, and the right of way to which Reeves had shown himself entitled, and which the plaintiff had been compelled to treat as a valid and subsisting charge upon the plaintiff's land, was an ouster of the plaintiff, and was a breach of the defendant's covenant, for which the plaintiff was entitled to recover.

The Court of Appeals held the evidence in the cause and the language of the clause relating to the right of way, in the deed from the defendant to the plaintiff, gave the plaintiff notice of the existence of a right of way in Reeves, or some person other than the defendant. And it was obviously the intention of the parties to except such right of way from the operation of the covenant, and as the court was bound to so construe the deed and covenant as to give effect to the ascertained intentions of the parties, they would consider the clause of the deed relating to the way as an exception, not as a reservation; and thus considering it, the way was not a breach of the defendant's covenant, and the judgment was therefore erroneous and was reversed, and a new trial ordered.

Bridge *v.* Pierson.

The cause was again tried at the Niagara county circuit, in January, 1872, held by J. C. Smith, justice, and a jury. The judge held that the evidence in the case on the part of the plaintiff was substantially the same as was given on the former trial and upon which the Court of Appeals had held the plaintiff was not entitled to recover. He therefore nonsuited the plaintiff, and from that judgment the plaintiff appeals.

It is said by the appellant's counsel that the evidence given on the last trial is so materially different from that given on the first trial, that a right of recovery was clearly established.

We have no means of knowing what the evidence was on the former trial, except by the findings of the referee and the statements of the judges who gave opinions in this court and in the Court of Appeals.

"The real question," Grover, J., says, "is whether the covenant was against the right of way in Reeves. The deed described the land intended to be conveyed by metes and bounds." After stating the rules for construing deeds, prescribed by the Revised Statutes, the learned judge proceeds to say: "Applying these rules to the present case, we find that at the time of the conveyance Reeves was entitled to a right of way over the west side of the land proposed to be conveyed, from the highway to his farm, for cattle, carriages, &c. That he had the actual use of such way for a long time previous thereto, during most of which time the strip over which the right of way existed had been fenced as a lane. These facts were known to the parties, and even if not known to the plaintiff, the language of the clause under consideration could scarcely have failed to convey to him full knowledge of the facts. The plaintiff from this (the description of the right of way in the deed) must have understood that such right of way was appurtenant to the land then owned by Reeves, and that it would pass as such to the purchaser of the land, under a conveyance. This being

so, he (plaintiff) could not have understood that the defendant designed to reserve to himself a right of way as then used, but that he designed to except the right of way appurtenant to the farm of Reeves from the operation of the conveyance and to convey the fee to the plaintiff subject thereto."

On the last trial it was proved by three witnesses that the lane had not been fenced off from the rest of the farm, and the plaintiff swears that when he purchased he did not know that Reeves had a right of way over that part of the farm. He admits, however, that there were indications that there had been travel over the place where the way was reserved.

The plaintiff's counsel did not ask the court to submit the question whether, when the plaintiff purchased, he knew that Reeves had a right of way over the land; and that, with the other facts in the case, was to be passed upon by the court; and unless the finding is erroneous it must stand, and we must assume it to be rightly found. According to the view of the weight which the Court of Appeals requires to be given to the language of the reservation in the deed, the plaintiff's knowledge of the right of Reeves is sufficiently proved without reference to other sources of knowledge which the plaintiff may have had at the time of his purchase.

The exception to the ruling of the court ordering a nonsuit does not entitle the plaintiff to take advantage of the error, if any, in omitting to submit any particular question of fact to the jury.

A right of way cannot be created by an *exception* in a deed. It may be created by a reservation. If the word "excepting" or an equivalent word is used in the deed for the purpose of creating the right, the court will construe it as meaning "*reserving*," in order to give effect to the intention of the parties.

I cannot understand what is meant by Grover, J., in his opinion, when he says: "We have seen that such

intention cannot be made effectual by construing the clause as a reservation, but that it may be by regarding it as an exception; and thus making the fee conveyed subject to this right of way, so conveying the fee, would be consistent with the rules of law."

Is it meant by this language that a right of way can be created in favor of a third person by way of exception? If so, it gives to the exception in a deed an operation very different from what I had supposed it could receive. The right of way is a mere easement; it arises, if I may so speak, out of the thing granted, and is therefore the legitimate subject of a reservation. An exception must be of a part of the thing granted, and that a right of way is not. The learned judge may have intended to say that inasmuch as the plaintiff knew that a right of way over the land existed in favor of Reeves, and he is to be presumed to know the law that a grantor cannot reserve a right of way over the land granted, to a stranger, it must be assumed that it was the intention of the parties to except Reeves's right of way from the operation of the covenant.

The difficulty with this view is that if the reservation is valid, and it is conceded so to be, it is in law a reservation of a right of way to the grantor, and it is not competent to contradict the deed by showing that it was intended for some other person.

Every right of way over the premises sold to the plaintiff was covered by the covenant for quiet enjoyment, except the one reserved. If then the reservation was a valid one in favor of the defendant, the grantor, the one to which Reeves was entitled was reached by the covenant.

Again, if the quitclaim operated as a release of the reservation in the deed, it must have the same effect upon the exception. In either case the plaintiff became entitled to the land over which the way lay, exempt from the easement.

A proper respect for the views of the Court of Appeals renders it improper for us to give effect to our own views of the law applicable to the case. On the contrary, we must carry out their views of the law by affirming the judgment.

Judgment affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]